IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-22-MHT-KFP |
| | ) | |
| ELMORE COUNTRY DEPARTMENT | ) | |
| HUMAN RESOURCES, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF MAGISTRATE JUDGE

Upon consideration of Defendant's Motion Dismiss (Doc. 9), the undersigned RECOMMENDS that the motion be GRANTED, as set forth below.

**I.   INTRODUCTION**

Pro se Plaintiff Yolanda Mitchell brings this Complaint under 42 U.S.C. § 1983 against the Elmore County Department of Human Resources.[1] Mitchell alleges that on September 17, 2019, she gave birth to baby boy who tested positive for cocaine while still in the hospital.[2] Doc. 1-1 at 3. This led DHR to place the baby and two of Mitchell's other children in foster care. Doc. 1 at 3, Doc. 1-1 at 3. Mitchell now requests that the Court compel DHR to return her children and pay $1,000,000 in emotional damages for the time

---

[1] While Plaintiff never explicitly states in her Complaint this is a § 1983 action, pro se pleadings are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Thus, because Plaintiff asserts a civil rights violation (Doc. 1 at 1) this Court interprets it as alleging a § 1983 violation.

[2] Plaintiff did not test positive for any illegal drugs. Doc. 1 at 1. It is not clear from the Complaint whether she accepts her baby's positive test but believes she should have retained custody because her test was negative or if she believes her baby's test was a false positive or the statement that her baby tested positive was fabricated.

spent without her children.[3] Doc. 1 at 2. In response to the Complaint, Defendant filed the pending Motion to Dismiss (Doc. 9), and Mitchell filed a response with several exhibits as factual support for her claims. Doc. 16. As explained below, even accepting Mitchell's allegations in the Complaint as true, her claims against the Defendant are due to be dismissed with prejudice.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft V. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Federal Rules of Procedure 12(b)(6), a court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). The

---

[3] According to documents Plaintiff submitted in response to the Defendant's pending motion, it appears that Plaintiff's children were returned to her before she filed this lawsuit. Doc. 16-1 at 12 (document printed on March 31, 2021, with text message indicating the children were returned to Mitchell four months earlier).

2

Court must ask whether there are allegations that are no more than conclusions. Claims that fall into this category are discarded. The court next considers whether there are any remaining factual allegations that, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed. *Twombly*, 550 U.S. at 570.

Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Still, "the district court does not have license to rewrite a deficient pleading." *Id.* (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal*, 556 U.S. at 678)). The Court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal*, 556 U.S. at 664). Moreover, a pro se litigant "is subject to the relevant laws and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### III. DISCUSSION

### A. Mitchell's claims against Defendant are barred by the Eleventh Amendment.

"The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an 'arm of the state.'" *Ross v. Jefferson Cnty. Dept. of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (citing *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)). This immunity extends to both monetary and injunctive relief. *Id.* at 661 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996)). As the Eleventh Circuit has held:

> [T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal citations and quotation marks omitted). Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, and Congress has not abrogated it. *Id*. (citing *Alabama v. Pugh*, 438 U.S. 781–82 (1978) and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Because Defendant is a state agency, the Eleventh Amendment immunizes it from this action, and Mitchell's claims against it must be dismissed. *See Ross v. State of Ala.*, 893 F. Supp. 1545, 1550 (M.D. Ala. 1995) (finding Houston County DHR to be division of state and, accordingly, entitled to immunity under Eleventh Amendment).

    **B.**    **This action is barred by the statute of limitations.**

Even if Mitchell had sued a defendant not entitled to Eleventh Amendment immunity, her claims would still be barred by the applicable statute of limitations. Claims brought under § 1983 are bound by the venue state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 250–51 (1989). Under Alabama Code § 6-2-38(l), the statute of limitations for § 1983 claims is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Therefore, because Mitchell filed this action on January 12, 2022, but alleges her civil rights were violated on September 17, 2019, her claims are time-barred.

In the Complaint, perhaps to avoid a statute of limitations bar, Mitchell asserts that the alleged violation occurred on September 17, 2019, to present. The continuing violation doctrine is an exception to the statute of limitations bar. However, for this doctrine to apply, a plaintiff must not be complaining of the present consequence of a one-time violation but, instead, the continuation of that violation into the present. *Knight v. Columbus, Ga.*, 19 F.3d 579, 580–91 (11th Cir. 1994). The Eleventh Circuit explained the policy underlying the continuing violation doctrine, in the context of an employment claim, as follows:

> The continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate [employment discrimination] claim to lapse. It is only when a substantial nexus exists between a timely-filed claim and an otherwise time-barred claim that they may be viewed as constituting a single violation, part of which falls within the limitations period. . . . In determining the existence *vel non* of such a nexus, a court should not rely upon a superficial factual analysis, but rather, should refer to a variety of factors. Such factors include whether the claims were related in subject matter, frequency, and permanence (i.e., whether the act was sufficiently permanent in nature so as to "trigger an employee's awareness of and duty to assert his or her rights"). *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983), *cert. denied,* 479 U.S. 868.

*Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 799–800 (11th Cir.), *opinion amended on reh'g,* 850 F.2d 1549 (11th Cir. 1988). The doctrine does not exist to provide plaintiffs with an "end-run" around the statute of limitations. *Id*.; *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (finding doctrine did not apply to parole board's decision to change date of plaintiff's reconsideration for parole because decision was a one-time act with continued consequences); *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) (holding failure to rehire after allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire, cannot resurrect old discriminatory act under

5

continuing violation doctrine, as a potential plaintiff could otherwise circumvent limitations by reapplying for employment); *Huff v. Swearingen*, 847 F. App'x 816, 817 (11th Cir. 2021) (in case where plaintiff's name was published on sexual offender registry, finding loss of employment and employment opportunities caused by publication were continuing harms, not continuing violations).

Moreover, the Eleventh Circuit has refused to apply the continuing violation doctrine when a plaintiff could have avoided the problem by filing within the statute of limitations period, as the doctrine is limited to "situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). "If an event or series of events should have alerted a reasonable person to act or assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine." *Id*. (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001)) (citation omitted); *see also McGroarty v. Swearingen*, 977 F.3d 1302, 1308–09 (11th Cir. 2020) (noting that Eleventh Circuit has refused to apply continuing violation doctrine to plaintiffs who could have filed within the statute of limitations period); *Roberts,* 835 F.2d at 800 (stating that plaintiff knew at time of 1978 incident that he had suffered racially disparate treatment and easily could have preserved his rights at that time); *Huff,* 847 F. App'x at 817 (finding continuing violation doctrine did not apply because plaintiff knew of publication of name on sexual predator registry but filed complaint after statute of limitations had run).

Here, Mitchell alleges a one-time violation of her constitutional rights: Defendant's removal of her children from her custody when it was notified of a positive drug test result for her newborn baby at the hospital. Even though Mitchell may have suffered continuing consequences of Defendant's alleged conduct, her Complaint describes a single, discrete act. Further, if Mitchell did suffer a constitutional rights violation as a result of the conduct described in the Complaint, there is no question that she was aware of that alleged violation on September 17, 2019, when her children were removed from her custody. This event would have alerted a reasonable person to act or assert her rights at the time of the violation, and Mitchell could have avoided any statute of limitations problem by filing her Complaint within two years of that date. Allowing this action to proceed now would provide Mitchell an "end-run" around the statute of limitations applicable to § 1983 claims. Thus, the undersigned finds that Mitchell's claims are barred by the applicable statute of limitations, that the continuing violation doctrine does not apply, and this case is due to be dismissed.[4]

### C.     Any amendment of the Complaint would be futile.

While a pro se litigant must generally be given an opportunity to amend a complaint, a district court need not allow an amendment where amendment would be futile. *Lee v. Alachua Cnty., FL*, 461 F. App'x 859, 860–61 (11th Cir. 2012) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is futile when the complaint would still be properly dismissed or subject to immediate summary judgment for the defendant. *Id.* (citing *Cockrell*, 510 F.3d at 1310). Here, the Court finds that any

---

[4] Because the Court finds that the issues addressed in this Recommendation are dispositive, it has not addressed the remaining arguments in Defendant's Motion to Dismiss.

amendment of the Complaint would be futile. Even if Mitchell could adequately state a § 1983 claim against a proper defendant, the claim would still be barred by the two-year statute of limitations and subject to dismissal.

## IV.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Doc. 9) be GRANTED and that this case be DISMISSED with prejudice.

Further, it is ORDERED that by **September 6, 2022**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of August, 2022.

                                            /s/ Kelly Fitzgerald Pate
                                            KELLY FITZGERALD PATE
                                            UNITED STATES MAGISTRATE JUDGE